## Orellana v 5541-1274 Fifth Ave. Manhattan LLC

2026 NY Slip Op 30785(U)

March 9, 2026

Supreme Court, New York County

Docket Number: Index No. 152497/2020

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. LYLE E. FRANK** | PART 11M |
| *Justice* | |

-----------------------------------------------------------------------------X

MILTON ALFREDO BARRERA ORELLANA,

                Plaintiff,

         - v -

5541-1274 FIFTH AVENUE MANHATTAN LLC,REIDY
CONTRACTING GROUP LLC,H&L IRONWORKS CORP.,
LCD ELEVATOR, INC.,AKELIUS REAL ESTATE,

                Defendant.

| **INDEX NO.** | 152497/2020 |
|---|---|
| **MOTION DATE** | 03/10/2025 |
| **MOTION SEQ. NO.** | 006 |

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------------X

REIDY CONTRACTING GROUP LLC

                Plaintiff,

         -against-

H&L IRONWORKS CORP., LCD ELEVATOR INC.

                Defendant.

Third-Party
Index No. 595725/2020

-----------------------------------------------------------------------------X

5541-1274 FIFTH AVENUE MANHATTAN LLC

                Plaintiff,

         -against-

LCD ELEVATOR, INC., TOUCHSTONE CONTRACTING INC.

                Defendant.

Second Third-Party
Index No. 595899/2020

-----------------------------------------------------------------------------X

H&L IRONWORKS CORP.

                Plaintiff,

         -against-

TOUCHSTONE CONTRACTING INC.

                Defendant.

Third Third-Party
Index No. 595319/2023

-----------------------------------------------------------------------------X

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 006) 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 293, 299, 304, 308, 311, 323, 324, 325, 330, 331, 332, 333, 334, 335, 336, 337, 353, 358, 363, 364, 369, 374, 385

were read on this motion to/for                          JUDGMENT - SUMMARY                    .

Upon the foregoing documents, the motion is granted unopposed.

## Background

This motion arises out of a Labor Law case involving an incident at a construction site located on a premises owned by defendant 5541-1274 Fifth Avenue Manhattan LLC ("Fifth" or "Owner"). The general contractor for the project was defendant Reidy Contracting Group, LLC ("Reidy" or "GC"). Plaintiff was a bricklayer, employed by defendant Touchstone Contracting, Inc. ("Touchstone" or "Employer"). He was working on a scaffold on the day in question when an unsecured cinderblock or brick fell and injured him. Plaintiff was positioned beneath an elevator bulkhead above the rooftop. A plastic tarp had been placed on top of the bulkhead in order to protect the elevator from the weather, and it is alleged that the tarp was secured with cinderblocks. On the day in question, a gust of wind blew one of the cinderblocks off the tarp onto Plaintiff.

*Procedural Background*

Plaintiff commenced this underlying proceeding in March of 2020, pleading claims against Owner and GC. Both defendants answered, and the GC filed a third-party complaint in September of 2020, pleading claims for indemnification and contribution against two sub-contractors on the site: H&L Ironworks Corp. ("H&L" or "Masonry Subcontractor") who was hired by Reidy and themselves sub-contracted Employer, and LCD Elevator, Inc. ("LCD" or "Elevator Subcontractor"), who was hired directly by Owner. Both H&L and LCD have answered the third-party complaint. Plaintiff has amended their complaint to assert claims directly against H&L, who has answered the amended complaint. In turn, H&L filed their own

[* 2]

third-party complaint against Employer, who has answered. Plaintiff has filed a verified bill of particulars in this case.

In May of 2023, the GC filed a motion for summary judgment seeking dismissal of the labor law claims against them and contractual indemnity from H&L. A decision from this Court granted dismissal of the common law negligence, Labor Law § 200, and Labor Law 241(6) claims against the GC (the "December Order"). In dismissing the Labor Law 241(6) claim, the Court reasoned that it was undisputed that work was not being done overhead at the time of the accident and therefore "the movant has established that section 23-1/7(a) [of the Industrial Code] is inapplicable to the instant case." The December Order also noted that the GC had failed to meet their burden on establishing contractual indemnity because there were questions of fact going to whether the accident in question was "cause or contributed by" H&L's work as they were not present on the roof at the time of the accident. The GC appealed the December Order, which was affirmed by the First Department. Plaintiff filed the Note of Issue in January of 2025.

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 [2016]. The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

In this motion, H&L moves to dismiss the common law negligence and Labor Law § 200 claims Plaintiff asserts against them, arguing that they did not have notice of the unsafe condition and they did not supervise or control the work. They also argue that they are not a proper defendant for a Labor Law § 240(1) or § 241(6) claim, and finally that the Labor Law § 240(2) and (3) claims fail as a matter of law. LCD makes a partial opposition to the motion, contesting only the statement of material facts and arguing that the statements about the origin of the cinderblock are mere conjecture. Reidy also submits partial opposition to the motion, urging the Court not to dismiss the indemnification claim against H&L based on the law of the case. H&L has not moved to dismiss this claim. Plaintiff has not opposed this motion. Accordingly, it is hereby

ADJUDGED that the motion is granted as unopposed; and it is further

ORDERED that Plaintiff Milton Alfredo Barrera Orellana's claims against defendant H&L Ironworks Corp. sounding in common law negligence, Labor Law § 200, Labor Law § 240(1), Labor Law § 240(2), Labor Law § 240(3) and Labor Law § 241(6) are hereby dismissed.

20260309162030LFRANK695B4FE51A69427894070536E326EBB4

| 3/9/2026 | | | LYLE E. FRANK, J.S.C. |
| DATE | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |